THE PENNSYLVANIA COMPANY FOR BANKING AND
TRUSTS, A PENNSYLVANIA CORPORATION, SOLE SUR-
VIVING TRUSTEE UNDER THE LAST WILL AND TES-
TAMENT OF FRANCES C. HENDERSON, DECEASED,
PLAINTIFF-RESPONDENT, v. ELIZABETH A D A M S
CLARKSON, G. FORREST BUTTERWORTH, EXECUTOR
OF THE ESTATES OF J. PINCKNEY H. ADAMS, DE-
CEASED, AND FLORENCE DAY ADAMS MORGEN-
STIERNE, DECEASED, AND UNITED STATES TRUST
COMPANY OF NEW YORK, TRUSTEE UNDER THE LAST
WILL AND TESTAMENT OF FLORENCE DAY ADAMS
MORGENSTIERNE, DECEASED, DEFENDANTS-APPEL-
LANTS, ET AL., AND JOHN M. GEISSLER AND ALMA E.
GEISSLER, INDIVIDUALLY AND AS EXECUTORS OF
THE ESTATE OF ARTHUR H. GEISSLER, DECEASED,
DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 10, 1949—Decided January 16, 1950.

Before Judges McGeehan, Colie and Eastwood.

*Mr. James E. M. Tams* argued the cause for defendants-appellants Elizabeth Adams Clarkson, G. Forrest Butterworth, executor of the estates of J. Pinckney H. Adams, deceased, and Florence Day Adams Morgenstierne, deceased, and United States Trust Company of New York, trustee under the last will and testament of Florence Day Adams Morgenstierne, deceased (*Mr. William Dickson Cunningham,* attorney).

*Mr. Alexander T. Schenck* argued the cause for defendant-appellant, administrator *ad prosequendum* of the estates of Ernst von Preuschen, Franz von Preuschen, and Clemens von Preuschen, deceased (attorney *pro se*).

*Mr. Lawrence N. Park* argued the cause for defendants-respondents John M. Geissler and Alma E. Geissler, individually and as executors of the estate of Arthur H. Geissler, deceased (*Mr. Robert J. Tait Paul,* attorney).

*Mr. Howard S. Tilton* argued the cause for plaintiff-respondent (*Messrs. Waddington & Tilton,* attorneys).

The opinion of the court was delivered by

McGEEHAN, S. J. A. D. Judgment was entered in the Chancery Division of the Superior Court, making final distribution of the *corpus* and income of a testamentary trust originated by the testatrix, Frances C. Henderson, by her will executed on May 29, 1896. The judgment ordered distribution of one-half thereof to the executor of the estate of J. Pinckney H. Adams, and one-half thereof to the duly qualified personal representative of Julia H. Geissler, on a determination that the bequest of income to Pinckney and Julia, without limit as to time, was a bequest of principal, since there was no provision for a gift over which would operate, and the will contained no expression of a contrary intent. We agree with this determination, for the reasons expressed in the opinion below (3 *N. J. Super.* 308).

The appellants argue here, as they did below, that, under the principle of *res judicata,* this interpretation is foreclosed

by a decree of the Orphans' Court in 1927. The Court below rejected this argument and we agree with the result, but prefer to rest our decision on a different ground. We find it necessary to set forth some facts concerning the 1927 Orphans' Court proceeding which are not included in the opinion below.

Prior to the death of Julia Geissler in 1925, one-half of the income of the trust was paid to her and one-half to J. Pinckney H. Adams. After Julia's death, the trustees filed their account in the Orphans' Court, showing a balance of income in their hands of $1,041.82 and praying for an order of distribution of this income. The parties to this proceeding were the trustees, Arthur H. Geissler the husband of Julia and the executor and residuary legatee under her will, J. Pinckney H. Adams, the children of J. Pinckney H. Adams, and the von Preuschens. The von Preuschens were brought in by order to show cause and failed "to appear except to contest the jurisdiction of the court to dispose of the *corpus* of the estate." Because of the provisions of the will and the contingencies involved, the only question presented, and the only question ripe for a decision at that time, was the distribution, during the lifetime of Pinckney, of the income formerly paid to Julia; any decision then as to the distribution of the *corpus* or of the income arising after the death of Pinckney would have been premature. As Vice-Chancellor Stevenson said in *Ogden v. McLane*, 73 *N. J. Eq.* 159 (*Ch.* 1907), the Court "will not instruct trustees in regard to their duty with respect to the payment or transfer of the trust estate in their hands until the time for such payment and transfer has arrived. When the time to act arrives the parties who then will be affected by the action of the trustees are entitled to be heard; they are the parties who argue the question, the determination of which directly affects their interest." The Judge of the Orphans' Court recognized this, and in his opinion (4 *N. J. Misc.* 1033 (1926)), stated:

"No questions are before the Court in regard to the Fanny von Preuschen share—the only question which must now be disposed of being the disposition of a subshare of the income arising out of the Julia Adams share. * * *

"The question presented is, Who is now entitled to the income formerly paid to Mrs. Geissler during her lifetime? It is claimed, first, by her husband, Mr. Geissler, second, by her brother, Pinckney Adams and, third, by the infant children of Pinckney Adams, * * *."

The decree determined only the matter litigated and provided that the balance of income then in the hands of the trustees be paid to Pinckney.

The interest of the von Preuschens in either *corpus* or income, if any, could arise only upon the death of Pinckney and depended upon the circumstances existing at that time. There was nothing that the von Preuschens did litigate or could litigate in this 1927 proceeding, and they took no part in the litigation. The only parties having an interest in the question before the Court in 1927 were Geissler, Pinckney Adams, and the children of Pinckney Adams. Geissler then argued that the gift of income to Julia Geissler under the will, without limit as to time, was an implied bequest of *corpus* and therefore he was entitled to the income during the life of Pinckney. In the determination of the question raised and litigated before the Orphans' Court, the Court held that there was no implied bequest of *corpus* to Julia and awarded the income to Pinckney during his lifetime. No appeal was taken from this decree of distribution of income and no question is raised as to the binding effect of the decree on the distribution of income during the lifetime of Pinckney.

We think the principle of *res judicata* is not applicable in the present suit. The question of distribution of *corpus* presented in this suit was not then ripe for decision. The causes of action are not the same and the question raised and litigated in the present suit was not then litigated by all the interested parties. *In re Hubert,* 98 *N. J. Eq.* 35 (*Ch.* 1925); affirmed, O. B., 99 *N. J. Eq.* 886 (*E. & A.* 1926); *Tuttle v. Woolworth,* 62 *N. J. Eq.* 532 (*Ch.* 1901).

The judgment under appeal is affirmed.